UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMED NAJEM MOHAMED NAJEM,

Petitioner,

Case No. 2:26-cv-13535

v.

Honorable Susan K. DeClercq
United States District Judge

ROBERT LYNCH, et al.,

Respondents.
_________________________________/

**OPINION AND ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), DISMISSING SEVERAL RESPONDENTS, ORDERING RESPONDENT TO PROVIDE PETITIONER WITH A BOND HEARING OR OTHERWISE RELEASE HIM, AND ORDERING RESPONDENT TO PROVIDE A STATUS REPORT**

Before this Court is Petitioner Mohamed Najem Mohamed Najem's petition for a writ of habeas corpus in which he argues that he is being detained without a bond hearing in violation of the Immigration and Nationality Act ("INA") and his due process rights. This Court will grant the petition for the reasons provided below.

## I. BACKGROUND

Najem is a national of Mauritania "who seeks protection from removal, including asylum, withholding of removal, and relief under the convention against torture." ECF No. 1 at PageID.5. Removal proceedings are pending against him in

Immigration Court. *Id.* In April 2026, he was released on bond. *Id.* While released, he complied with all reporting requirements. *Id.*

On approximately September 1, 2026, Najem was riding in a vehicle that inadvertently drove to the Detroit-Windsor Ambassador Bridge. ECF No. 1 at PageID.5. He alleges that the vehicle missed an exit on I-96, causing it to travel to the bridge accidentally. *Id.* at PageID.6. Immigrations and Customs Enforcement ("ICE") apprehended Najem and placed him in custody. *Id.* Najem "requested ICE review," which was not granted. *Id.* He is currently detained at the Monroe County Jail. *Id.* at PageID.3.

On September 17, 2026, Najem filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, and a supplemental brief in support, ECF No. 2, alleging that he is being unlawfully detained without the possibility of bond, in violation of the INA and the Due Process Clause of the Fifth Amendment. He brings his petition against Respondents Robert Lynch, the Director of the Detroit Field Office of ICE; Markwayne Mullin, the Secretary of the United States Department of Homeland Security ("DHS"); and Julie Massengil, the administrator of Monroe County Jail. ECF No. 1 at PageID.1.

On October 2, 2026, this Court ordered Respondents to respond to the petition. ECF No. 4. Respondents timely did so, *see* ECF Nos. 5; 6, arguing that Najem may only bring his petition against his physical custodian, failed to exhaust his

administrative remedies, and is lawfully detained, ECF No. 6. Najem also filed a supplemental brief, noting that an individualized custody determination hearing was scheduled for October 20, 2026, but was cancelled. ECF No. 7 at PageID.97.

## II. LEGAL STANDARD

Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (citation omitted), *overruled in part on other grounds by Wainwright v. Sykes*, 433 U.S. 72 (1977). A district court may issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to 28 U.S.C. § 2443, the court, when evaluating an application for a writ of habeas corpus, "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."

## III. DISCUSSION

For the reasons provided below, this Court will dismiss all Respondents except ICE Field Office Director Robert Lynch but will grant the petition.

### A. Proper Respondents

Najem named Respondents Robert Lynch, the Secretary of DHS, and the administrator of Monroe County Jail. ECF No. 1 at PageID.1. Respondents argue that the proper respondent is Najem's physical custodian. ECF No. 6 at PageID.57–60. Najem concedes that this Court should "retain" only the "named official [that] is the proper custodian." ECF No. 7 at PageID.103.

As the Sixth Circuit has explained, the proper respondent to an immigration habeas petition is, generally, the "INS District Director for the district where a detention facility is located," for the director "has power over" the petitioner. *Roman v. Ashcroft*, 340 F.3d 314, 322 (6th Cir. 2003) (citation omitted). Therefore, Lynch is the appropriate respondent in this matter. *See id.*; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("[T]here is generally only one proper respondent to a prisoner's habeas petition."). Given Najem's concession that only one custodian may be properly named, this Court will dismiss all Respondents except Lynch.

### B. Administrative Exhaustion

Respondents also argue that Najem was required to and failed to exhaust his administrative remedies, arguing that he could request an administrative hearing or pursue an appeal to the Board of Immigration Appeals ("BIA"). ECF No. 6 at PageID.60–63. Najem responds that he did request an administrative hearing, and he asks this Court not to dismiss for failure to exhaust. ECF Nos. 2 at PageID.21; 7

at PageID.100–01. This Court will exercise its discretion and find that if Najem did not satisfy the administrative exhaustion requirement, he need not. *See Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *4 (E.D. Mich. Aug. 29, 2025) (waiving administrative exhaustion requirements for an immigrant petitioner seeking a bond hearing), *aff'd*, 175 F.4th 713 (6th Cir. 2026); *see also Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sept. 9, 2025) (same).

At the outset, this Court notes that Najem did request an administrative hearing on August 31. *See* ECF No. 6 at PageID.55–56. The fact that the request was not "uploaded to the immigration court" until October 7—37 days later—does not negate the fact that Najem timely sought a hearing. *See id.*

Moreover, waiving further exhaustion here is warranted because bond denial appeals "typically take six months or more to be resolved at the BIA." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1245 (W.D. Wa. 2025). This sort of timeline is sufficiently "unreasonable" or "indefinite" such that courts may waive the exhaustion requirement. *Pizarro Reyes*, 2025 WL 2609425, at *3 (quoting *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020)). Indeed, the "delays inherent" in the BIA's administrative process "would result in the very harm that the bond hearing was designed to prevent:" prolonged detention without due process. *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 237 (W.D.N.Y. 2019). Finally, requiring Najem to

exhaust his administrative remedies would hinder his ability to prepare his case on appeal, as he has limited access to attorneys, witnesses, evidence, interpreters, and technology while detained. *See Pizarro Reyes*, 2025 WL 2609425, at *4. Thus, this Court will waive any exhaustion requirement and proceed to the merits of his habeas petition.

**C. Detention without Bond Under the INA**

Najem alleges that his continued detention without a bond hearing is an unlawful infringement on his constitutional right to due process. ECF Nos. 1; 2. He argues that as someone who has long been residing in the United States before being apprehended and detained, he is subject to 8 U.S.C. § 1226(a) of the INA, which entitles him to a bond hearing. ECF No. 2 at PageID.19–21. Respondents agree, but argue that Najem will receive all the process to which he is entitled at the "upcoming bond hearing." ECF No. 6 at PageID.66. Because there is no dispute that Najem is entitled to a bond hearing, but the hearing has been reset twice already and no hearing has occurred, this Court will order a prompt bond hearing.

Najem's initial bond hearing was set for October 8, 2026. *See* ECF No. 6-11. But the hearing did not occur. *See* ECF No. 6-12 at PageID.94. It was rescheduled to October 20, 2026. *See* ECF No. 6-13. But that hearing also did not occur. *See* ECF No. 7 at PageID.97.

The Sixth Circuit has made clear that § 1226(a) is the appropriate statute applicable to noncitizens facing removal who are already in the United States. *Lopez-Campos v. Raycraft*, 175 F.4th at 735. Under that provision, Najem is entitled to a discretionary bond determination hearing. And because Najem has been detained for nearly 60 days without having received such a bond determination hearing, he is in federal custody in violation of federal law. *See id.* Thus, Najem's habeas petition will be granted, and Lynch will be directed to provide Najem with a bond hearing under § 1226(a) on or before November 6, 2026, or otherwise release him.

**D. Fifth Amendment Due Process**

This Court will decline to decide the merits of Najem's due process claims given that this Court is granting the relief that Najem requests. If Lynch does not provide Najem with a bond determination hearing or release him by November 6, 2026, Najem may renew his Fifth Amendment Due Process claims.

**IV. CONCLUSION**

Accordingly, it is **ORDERED** that Respondents Markwayne Mullin and Julie Massengil are **DISMISSED** from the above-captioned case.

Further, it is **ORDERED** that Najem's Petition, ECF No. 1, is **GRANTED**. To that end, it is **ORDERED** that:

1. Respondent Lynch is **DIRECTED** to provide Najem with a bond hearing under 8 U.S.C. § 1226(a) **on or before November 6, 2026** or otherwise release him; and

2. Respondent Lynch is **DIRECTED** to file a status report to certify compliance with this order **on or before November 13, 2026**. The status report shall detail if and when Najem's bond hearing occurred, if bond was granted or denied, and—if bond was denied—the reasons for the denial.

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 30, 2026